Kenneth K. Ho, Esq.
133-51 37th Avenue, 3rd Floor
Flushing, NY 11354
Telephone: (718)886-1541
Fax: (718)762-6913
kenkhoattorney@yahoo.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

_____X    Docket Number:

XIAOHUA MA and YUK WING WONG,

                                          Plaintiffs,       COMPLAINT

    -against-

UNITED STATES POSTAL SERVICE,
THE UNITED STATES OF AMERICA, and
KEON D. GRAVENHISE,

                                          Defendants.      JURY TRIAL DEMANDED

_____X

       Plaintiffs, Xiaohua Ma and Yuk Wing Wong, by and through their attorney, Kenneth K. Ho, Esq., as and for their complaint against defendants, allege the following:

### I.

### FEDERAL JURISDICTION

       1.    This Court has jurisdiction over this action for the recovery of monetary damages for personal injuries against the United States Postal Service and the United States pursuant to 39 U.S.C. §§409 (a) and (c) [Suits by and against the Postal Service] and 28 USCA §§ 2671 *et seq* (The Federal Tort Claims Act).

       2.    This Court has original and exclusive jurisdiction of this matter pursuant to 28 U.S.C. §1346(b), as the defendants are the United States of America ("United States"), and the

United States Postal Service ("USPS"), an independent agency of the executive branch of the United States government.

## II.

## VENUE

3. Plaintiffs, and each of them, reside within the Eastern District of New York, and the acts and omissions giving rise to the alleged damages sustained by each of the plaintiffs occurred in Queens County, New York, which is within jurisdiction of The United States District Court for the Eastern District of New York. Venue is therefore proper in this Court pursuant to 28 U.S.C. §1402(b).

## III.

## PARTIES

4. Plaintiff, Xiaohua Ma, was at all material times mentioned herein, and continues to be, a resident of County of Queens in the State of New York.

5. Plaintiff, Yuk Wing Wong, was at all material times mentioned herein, and continues to be, a resident of County of Queens in the State of New York.

6. Upon information and belief, the United Postal Service ( hereafter "USPS") is an independent agency of the Executive Branch of the Government of the United States, maintaining and operating Post Offices in the County of Queens, State of New York.

7. That at all material times mentioned herein, Keon D. Gravenhise was an employee, servant, or agent for the USPS, which agency is responsible for the actions of Keon D. Gravenhise.

8. That at all material times mentioned herein, Keon D. Gravenhise was the operator of USPS owned motor vehicle with a Vehicle Identification Number whose last four

digits are 8444 ("USPS Vehicle"), and was acting within the scope of his employment, under the supervision and control of the USPS.

## IV.

## STATEMENT OF FACTS

9. That on March 8, 2020, and at all times herein mentioned, the aforesaid USPS Vehicle was operated by Defendant **USPS**, its employees, servants and/or agents.

10. That on March 8, 2020, and at all times herein mentioned, the aforesaid USPS Vehicle was managed by Defendant **USPS**, its employees, servants and/or agents.

11. That on March 8, 2020, and at all times herein mentioned, the aforesaid USPS Vehicle was maintained by Defendant **USPS**, its employees, servants and/or agents.

12. That on March 8, 2020, and at all times herein mentioned, the aforesaid USPS Vehicle was controlled by Defendant **USPS**, its employees, servants and/or agents.

13. That on March 8, 2020 and at all times herein mentioned, Defendant **KEON D. GRAVENHISE** managed the aforesaid USPS Vehicle.

14. That on March 8, 2020 and at all times herein mentioned, Defendant **KEON D. GRAVENHISE** maintained the aforementioned USPS Vehicle.

15. That on March 8, 2020 and at all times herein mentioned, Defendant **KEON D. GRAVENHISE** controlled the aforementioned USPS Vehicle.

16. That on March 8, 2020 and at all times herein mentioned, Defendant **KEON D. GRAVENHISE** operated the aforementioned USPS Vehicle.

17. That on March 8, 2020 and at all times herein mentioned, Defendant **KEON D. GRAVENHISE** operated the USPS Vehicle, owned by Defendant **USPS**.

18. That on March 8, 2020 and at all times herein mentioned, Defendant **KEON D. GRAVENHISE** managed the aforesaid USPS Vehicle, owned by Defendant **USPS**.

19. That on March 8, 2020 and at all times herein mentioned, Defendant **KEON D. GRAVENHISE** maintained the aforementioned USPS Vehicle, owned by Defendant **USPS**.

20. That on March 8, 2020 and at all times herein mentioned, Defendant **KEON D. GRAVENHISE** controlled the aforementioned USPS Vehicle, owned by Defendant **USPS**.

21. That at all material times **KEON D. GRAVENHISE** was an employee or agent of **USPS**.

22. That at all material times **KEON D. GRAVENHISE** was operating the aforementioned USPS Vehicle in the course of his employment, at the direction of his employer, **USPS**.

23. That at all material times **KEON D. GRAVENHISE** was operating the aforementioned USPS Vehicle with the permission of **USPS**.

24. That at all material times **KEON D. GRAVENHISE** was operating the aforementioned USPS Vehicle with the consent of **USPS**.

25. That at all material times **KEON D. GRAVENHISE** was operating the aforementioned USPS Vehicle with the knowledge of **USPS**.

26. That at all material times **KEON D. GRAVENHISE** was operating the aforementioned USPS Vehicle at the request of **USPS**.

27. That at all material times **KEON D. GRAVENHISE** was operating the aforementioned USPS Vehicle at the direction of **USPS**.

28. That on March 8, 2020, and at all times herein mentioned, it was the duty of Defendant **USPS,** its employees, servants and/or agents to operate the USPS Vehicle in a reasonably safe manner.

29. That on March 8, 2020, and at all times herein mentioned, it was the duty of Defendant **KEON D. GRAVENHISE** to operate the USPS Vehicle in a reasonably safe manner.

30. That on March 8, 2020 at approximately 2:21 pm in the afternoon **KEON D. GRAVENHISE** was driving the USPS Vehicle with the permission, knowledge, and consent of the owner, Defendant **USPS**.

31. That on March 8, 2020 and at all times herein mentioned, Plaintiff, **YUK WING WONG,** owned the 2013 Lexus vehicle with the license plate GKV 1530 ((the " 2013 Lexus").

32. That on March 8, 2020 and at all times herein mentioned, Plaintiff, **XIAOHUA MA,** was the seat-belted passenger in the 2013 Lexus.

33. On March 8, 2020 at approximately 2:21 p.m. plaintiff **YUK WING WONG'S** vehicle was slowing down, heading Westbound on Sandford Avenue, planning to come to stop at the intersection of College Point and Sanford Avenue , in the City of Flushing, County of Queens, State of New York, when the USPS Vehicle, driven by **KEON D. GRAVENHISE** struck the rear of the Plaintiff's vehicle.

34. The intersection of College Point Road and Sanford Avenue, in the County of Queens, State of New York, was and still is the intersection of two public roadways.

35. The aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendants, jointly and severally, without any fault or negligence on the part of the Plaintiffs, or either one of them, contributing thereto.

36. The Defendant, **KEON D. GRAVENHISE**, was negligent in the operation of the USPS vehicle in that, *inter alia*, he failed to keep any or any proper lookout, was travelling too fast for the conditions then and there present, followed the Plaintiff's vehicle too closely, and failed to slow down when the Plaintiffs' vehicle slowed down in front of him.

37. USPS was negligent in the care and maintenance of the USPS vehicle, in failing to properly train **KEON D. GRAVENHISE**, in failing to adequately check its employees' driving abilities and practices, and was vicariously liable for the actions of **KEON D. GRAVENHISE** under the laws of THE UNITED STATES.

38. On or about October 19, 2020, Plaintiffs timely filed Standard Form 95-Claim for Damage, Injury or Death, as required by law, and sent the defendants a copy of the Police Report and all medical records then in the possession of the Plaintiffs.

39. On or about January 11, 2021, Plaintiff Xiaohua Ma filed her amended claims to USPS on Form 95.

40. On August 10, 2021, USPS rejected the claims of the plaintiffs,

V.

**COMPLIANCE WITH THE CLAIMS PROCEDURE**

41. On or about October 19, 2020, Plaintiffs timely filed Standard Form 95-Claim for Damage, Injury or Death.

42. On or about October 19, 2020, Plaintiffs made their claims to USPS National Tort Center via certified mail.

43. On or about January 11, 2021, Plaintiff Xiaohua Ma made her amended claims to USPS National Tort Center via certified mail.

44. On or about August 10, 2021, USPS rejected the claims of the plaintiffs. This gave until February 10, 2022, to commence an action in this Court, pursuant to 28 U.S.C. §2401(b) and 39 C.F.R. 912.9.

45. The action was initially commenced on January 25, 2022, but was not properly served on the Defendants, making the action voidable.

46. The time to commence an action was tolled during the 90 period in which to serve the Summons and Complaint, and recommenced on April 26, 2022. There was 16 days remaining on the statutory statute of limitations to file an action in this matter.

47. This action is being commenced on May 10, 2022, within the permitted period to commence the instant action.

## VI.

## NEGLIGENCE

48. Plaintiffs re-allege and incorporate each and every material allegation of paragraphs 1 to 43 inclusive of this complaint, as if the same were set forth herein in full.

49. On March 8, 2020, Defendant KEON D. GRAVENHISE, and each defendant herein, struck the rear end of the plaintiffs' motor vehicle, causing the damages to plaintiffs' property and plaintiffs' persons.

50. The said incident and the injuries and damages to the plaintiffs therefrom were caused solely and wholly by reason of the negligence, carelessness, and recklessness of the defendants, their agents, servants and/or employees, jointly and severally, in the ownership, operation and control of the USPS Vehicle, in that they failed to have and keep the same under reasonable and proper control.

51. The negligence, carelessness, and recklessness of the defendant, KEON D. GRAVENHISE, consisted of:

1. travelling at a rate of speed to fast for the conditions then and there present;

2. failing to keep a proper or any lookout for traffic conditions then and there present;

3. failing to bring the USPS Vehicle under control in time to avoid the collision;

4. failing to make prompt and timely use of adequate and efficient brake and steering mechanisms and failing to apply the brake of the motor vehicle or take other proper and appropriate evasive action in time to avoid the collision;

5. operating the aforesaid motor vehicle in an unreasonable and imprudent manner in that he operated and controlled the motor vehicle in reckless disregard for the safety of others, generally, and the plaintiffs in particular;

6. violating the statutes, ordinances, rules and regulations in the cases made and provided in the State of New York;

7. being inattentive to his duties wherein had he been, the incident and ensuing injuries could have and would have been avoided;

8. failing to act as a reasonable and prudent person could have and would have under the circumstances and conditions then and there prevailing;

9. failing to take all necessary and proper means and precautions to avoid the said accident;

48. The negligence, carelessness, and recklessness of the defendants, THE UNITED STATES and USPS, consisted of:

a) being negligent, careless, and/or reckless in the ownership, operation, management, maintenance, supervision, use and/or control of the aforesaid USPS Vehicle ;

b) having, at all times herein mentioned, their employees, servants and/or agents operating the USPS Vehicle in a negligent manner, and being vicariously liable therefor;.

c) failing to properly maintain the USPS Vehicle;

d) failing to properly train their employees, agents, and servants, in the proper operation of the USPS Vehicle;

e) failing to properly screen operators of their vehicles as to their suitability to operate the same.

49. As a proximate result of the negligent and carless actions of defendants, jointly and severally, and the resulting collision as herein alleged, the plaintiffs, Xiaohua Ma and Yuk Wing Wong, were injured in their health, strength and activity, sustaining major injuries causing and continuing to cause plaintiffs great mental and physical and nervous pain and suffering which will result in permanent disability in said plaintiffs.

50. As a proximate result of the negligent and carless actions of defendants, and each of them, and the resulting collision as herein alleged, the plaintiffs, Xiaohua Ma and Yuk Wing Wong, were required to and did employ physicians for medical examination, treatment, and cure for their injuries and did incur medical and incidental expenses in that regard, for a total of over $20,000 to date for which plaintiffs now seek compensation.

51. As a result of the negligence of the defendants, and each of them, the plaintiffs, Xiaohua Ma and Yuk Wing Wong, will incur future medical and incidental expenses for the care and treatment of said injuries, the exact amount of which is unknown at the present time.

52. As a proximate result of the negligent and carless actions of defendants, and each of them, as herein alleged, the plaintiffs were prevented from attending their usual occupation and have thus been damaged herein in a sum unknown at the present time.

53. At the time of the events described herein, plaintiffs, Xiaohua Ma and Yuk Wing Wong, are the owners of the 2013 Lexus, as herein alleged, said vehicle was declared a total loss and plaintiff have this been damaged herein in the sum of $30,000 for property damage.

54. At the time of the event described herein, plaintiffs, Xiaohua Ma and Yuk Wing Wong, were gainfully employed and as a further proximate result of said injuries, the aforesaid plaintiffs suffered loss of earning and will continue to suffer future loss of earnings, and/or earning capacity, in an amount unknown at this time and are seeking damages for such other and further relief at this Court may deem proper.

55. Each plaintiff sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York.

56. Each plaintiff, sustained serious injuries and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

57. Each plaintiff is not seeking to recover any damages for which the said plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse the plaintiff. Each plaintiff is seeking only to recover those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

58. This action falls within one or more of the exceptions set forth in New York C.P.L.R. § 1602.

59. The demands of the plaintiffs, severally, exceed $75,000( Ma demands a minimum of $160,000; and Wong a minimum of $80,000).

## VII.

## DEMAND FOR JURY

59. Pursuant to rule 38 of the Federal Rule of Civil Procedure, the plaintiffs hereby demand a trial of the above-entitled matter by jury trial on all issues to which plaintiffs are entitled.

**WHEREFORE,** the plaintiffs, Xiaohua Ma and Yuk Wing Wong, seek judgment against defendants, and each of them, as follows:

1. For past and future medical expenses and related expenses, according to proof;
2. For past and future loss of earnings, and loss of earning capacities, according to proof;
3. For property damage, according to proof;
4. For general damages, according to proof, but in the case of Ma, a sum no less than $160,000 and in the case of Wong a sum no less than $80,000;
5. For all other costs, expenses, disbursements, and incidental damages;
6. For prejudgment interest and attorney's fees;
7. For costs of suit incurred herein, and,
8. For such other damages as this Court may deem just and proper given the circumstances of the case.

Dated: May 10, 2022.
Flushing, NY 11354

Kenneth K. Ho, Esq.
Law Office of Kenneth K. Ho
Attorneys for the Plaintiff
133-51 37th Avenue, 3rd Floor
Flushing, NY11354
Tel: (718)886-1541
Fax: (718)762-6913
kenkhoattorney@yahoo.com